## WALTER ZIMMERMAN

### *v.*

## LOUISA PLACE et al.

[Filed April 16th, 1901.]

Complainant resists the confirmation of a sale of mortgaged premises by the sheriff under decree of foreclosure, on the ground that he had given instructions to his solicitor, who attended the sale for him, which instructions, if followed, would have resulted in the purchase of the premises for complainant and benefited him.—*Held*, (1) that no sufficient evidence appears of any neglect or violation of any instructions given the solicitor; (2) that if instructions were given and not followed, a purchaser at the sale will not be deprived of the benefit of his purchase unless

Zimmerman *v.* Place.

he knew of the instructions, and of their violation, or had information putting him on inquiry, and the price at which he purchased was grossly below the fair market value.

On objections to confirmation of sheriff's sale of mortgaged premises on a decree for foreclosure.

*Mr. Herbert A. Drake,* for the complainant.

*Mr. Samuel W. Beldon,* for the purchaser.

THE CHANCELLOR.

The complainant has interposed objections to the confirmation of the sheriff's sale made in this cause by a petition and affidavits. The purchaser supports the sale by an answer to the petition and by affidavits.

One ground upon which complainant resists confirmation of the sheriff's sale is that the conveyance made thereon will be inequitable as to him.

Whether, under section 4 of the "Act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder," approved March 12th, 1880 (*Gen. Stat. p. 2111*), such an objection to confirmation may be presented, or whether it can be presented by petition in the cause rather than by original bill, may, perhaps, be open to question. No objection to the consideration of the complainant's claim in that respect has been made, and it will be considered.

The return of the sheriff discloses that his sale of the mortgaged premises produced the whole amount of the complainant's decree, with interest and expenses. Therefore the relief sought by the bill was completely attained, and no injury to complainant is thereby disclosed. Complainant, however, sets up that he has been injured by the sale in one or two respects: (1) because he had or claimed title to a part of the mortgaged premises, and the purpose of his foreclosure was to protect or strengthen his title, which required his purchase at the sheriff's sale, and (2) because he had acquired some tax liens upon the premises which

would have entitled him to any surplus above the mortgage debt, costs and interest.

That the purchase of the mortgaged premises was not made by complainant, or in his behalf, or that the premises were not bid up to the amount which would have protected his tax liens, complainant attributes to a mistake of his solicitor, who attended the sale for him, in respect to the instructions complainant gave.

I deem it unnecessary to review the affidavits as to the instructions given by complainant to his solicitor respecting the sale. It is sufficient to say that they fail to satisfy me that the solicitor violated or neglected any instruction given him. But if I could find the contrary to be proved, no ground for depriving a *bona fide* purchaser at the sheriff's sale of the benefit of his bid can be discovered, unless the proof shows that the purchaser knew of the instructions, or at least had information which would have made it his duty to inquire in respect to them. The affidavits do not show that the purchaser had any such knowledge or information, and his answering affidavit is full and explicit in denial thereof.

This ground for refusing confirmation cannot prevail.

Since the whole claim made by the complainant by his bill was thereby satisfied, no injury to him is disclosed in respect to the relief sought. Therefore he cannot complain of inadequacy of price, unless he shows a right to surplus moneys raised by the sale. It is deemed unnecessary to consider whether complainant has exhibited any right to surplus money raised by his sale on foreclosure of his mortgage, for no inadequacy of price is made to appear.

The tax liens now claimed by him, if valid, are encumbrances superior to the mortgage foreclosed, and not barred by the decree. *Gen. Stat.* (*tit.* "*Taxes,*" &c.) *p. 3359 § 368.*

By the clear weight of evidence the market value of the Cape May City property at the time of the sheriff's sale did not exceed $1,000.

At the sale complainant's solicitor gave notice that the property was encumbered by prior mortgages and by the tax liens. What was the amount of such encumbrances was not disclosed, nor then determinable. Under such circumstances, the bidder

took the risk of offering what he deemed proper under the uncertainty caused by such an announcement. When it appears, as it does, that the amount bid, added to the amount of the tax liens, very nearly, if not quite, equals the market value of the premises, the purchaser should not be deprived of the advantage of his bid. Public policy requires the confirmation of judicial sales made regularly, without fraud or accident or mistake preventing fair competition, when the price is not unconscionably below the value of the property. *Morrisse* v. *Inglis, 1 Dick. Ch. Rep. 306.*

The sale must be confirmed.